Illinois is our next case. We're considering the appeal of Newman. Ms. Sutherland. Good morning, your honors. Kimberly Sutherland representing Robert Newman, the proposed intervener appellant. In March of 1999, or April of 1999, the plaintiffs in this case, John Mitvick and Edward Urban, received a notice of judgment on liability in a class action in the Kosky case in their favor. And within a month, 4-26-99, they promptly filed their complaint in this case, so there was no latches. And Robert Newman was an absent class member in that case. And then in June of 1999, the state filed a motion to dismiss where they said that Mitvick and Urban had not filed EEOC charges, which was an argument unfounded in law, because the state knew that in the Kosky case, the class representative for hiring claims, Aaron Booker, had filed EEOC charges and got a right to sue letter, which took in all the other claims under the Horton case, the single filing rule. And in June of 1999, also an absent class member from Kosky, filed EEOC charges, and five days later the EEOC said you don't need to file these charges, it's a redundant Booker's charge. The state knew that. They knew that there was an actual determination from the EEOC that no EEOC charges had to be refiled, but they didn't tell the court and they didn't tell the plaintiff's attorney in Mitvick, John Gaffney. And then John Gaffney apparently reacted to the state's claim that he didn't file EEOC charges by filing an oral motion to voluntarily dismiss one plaintiff. This plaintiff is in the singular. There was no order in this case. The entry for that date shows there was no hearing, there was no conference. And if you go backwards, the judge at the time, the magistrate judge, had always indicated whether there was a conference or a hearing. And on 11-17-1999, there's no indication there was a hearing. Ms. Sutherland, there doesn't seem to me to be any doubt that the case was closed in 1999. There was no further action taken for many years. Your argument here seems to be arguing, well, if there was a procedural misstep in the closing, the kind of thing that might have led to a timely appeal, for example, or maybe even a timely Rule 60B motion, that we should act as if the closing never occurred. Okay. Judge, I respectfully disagree. There was no closing. Under the law at the time to close a class, a putative class action, there had to be a hearing, there had to be a judicial determination. That's just an argument that it was an error to close the case. What makes you think the case was not, in fact, closed, even if by a legal error? We know there was really no voluntary dismissal because the letter from Gaffney to his client at the time told him the judge dismissed the case, which wasn't true. And if the plaintiff Mitvick didn't know that the case was dismissed, then there's no voluntary dismissal. I think Gaffney was trying to cover for the fact that he believed that he had to file EOC charges and he didn't want his client to know that. And the order of 11-17-1999 only dismisses one plaintiff. Okay. And there was no Scrivener's error. First of all, the counsel's raising that for the first time in appeal because we know that it's not an error because we know that Gaffney, the lawyer, told Mitvick, the plaintiff, that the judge dismissed the case. So there was no voluntary dismissal. And under the law at the time, there had to be a hearing and judicial approval. There had to be notice to the absent class members or waiver of that notice. And none of that happened. So under your theory, could the case be reopened another 10 years from now? It was never closed. All that happened. So yes. It was never closed. All that happened was the plaintiff's attorney apparently panicked and misled his clients to think that the judge just closed the case. That sounds like malpractice, not by reopening the case. But it was never closed. To close a case, you have to have a punitive class action. No, you're just coming back to the point that the case shouldn't have been closed because the legal requirements for closing were not met. Look, we're in the business of hearing appeals. Most appeals take the form, the district court dismissed this case, but he shouldn't have, and here's why. But we don't have any doubt that it was dismissed, right? You're saying if the district court shouldn't have dismissed the case, then it wasn't dismissed and the case just goes on even if there was no appeal. That would, among other things, put us out of business. You can understand why we're resistant. Well, dismissing one of two plaintiffs doesn't close a case. They were represented by a counsel, right? They were represented by a counsel, Gaffney, who apparently panicked. And so the case went on for 16 years, no action, and the counsel didn't think it might be a problem? Gaffney, you're talking about, well, he thought he got by with it. He told his plaintiffs that the judge dismissed, which didn't happen. There was no hearing. He's a lawyer. What does a lawyer do in those circumstances? Listen to somebody or actually check the record or talk to the judge or something? Oh, sure, he should have checked the record. And that's malpractice. But you still don't have an open case. The case was closed. The court treated it that way. Well, it's up to the plaintiffs to continue. The court doesn't have any obligation to independently ask why this isn't going on. And we don't know what happened on 11-17. There's no indication of a conference. There's no transcript. There's no indication of a hearing. All there is is this minute order, just like in the Baker case, that said one of the indications. Apparently this court disagrees with me. Any prejudice to the government in this case? To the who? To the government. The opponent, anyway. I said the state. No. They're the ones that misled. Are people dead? Are witnesses perhaps dead or not even around? All this is is the damage portion. So there's no need for witnesses and missing records. All this is is the plaintiffs coming, the absent class members coming forward and saying here's my damages. Because liability was determined. The names of the absent class members were known. I have the list. So there's nothing further to do other than the absent class members coming forward and saying here are my damages. Okay, I see my white light is on, so I'll reserve my time. Certainly, counsel. Ms. Buell. Good morning, your honors, and may it please the court. Counsel. My name is Caitlin Buell and I am an assistant attorney general representing Defendants Appellees, the Illinois State Police and the state of Illinois in this matter. Intervenor Newman cannot intervene in this case. The underlying case, which has been closed for over a decade, cannot be reopened for three reasons. First, the underlying case was voluntarily dismissed in 1999 and so has been closed for over a decade and intervenors cannot intervene in closed cases. Second, Newman's intervention motion is barred by the doctrine of res judicata because Newman was a part of a class action lawsuit against Defendants Appellees for the exact same conduct complained of in his intervention motion. And third, Newman's intervention motion is untimely since he has slept on his rights for 15 years and so the doctrine of latches applies. Thus, Defendants Appellees would ask that this court affirm the dismissal of Trooper Newman's intervention motion. To begin, this court should affirm the dismissal of the intervention motion because the underlying case is closed. The underlying case, which is the Mitvick and Urban case, was voluntarily dismissed on November 18th of 1999. As can be seen on the record on page 30, that notice says, Plaintiff's oral motion to dismiss this case without prejudice pursuant to federal rule of civil procedure 41A is granted. It was an order that was entered by a magistrate judge. Intervenor Newman cannot intervene in this case because it is closed. It was closed in November and it was most certainly closed by 2015 when he brought his intervention motion. I suppose he'd come in in say January of 2000 with a 60B motion argument that the kinds of objections to the procedural course of the closing to argue that absent class members had not been adequately represented, etc. Would that have been timely? I think that that would have been timely, but I think that the important thing about notice to absent class members is Newman actually isn't an absent class member. There wasn't a class certification and there was judicial approval in this case. No, wait a second though. He was within the scope of the class that was alleged, correct? Correct. So he's entitled at that point, at least while the case is on file, maybe it's a legal fiction, but it's one we indulge for purposes of statute of limitations and other things, to, he's allowed to basically sit back and watch. He is allowed to sit back and watch. And then he checks periodically and he sees, okay, I'm counting on these folks to represent my interests. And wait a minute, voluntary motion to dismiss, no hearing, no notice, no nothing. What's going on here? I want to be heard. I would think that would be a reasonable approach. That would absolutely be reasonable, Judge Hamilton. And the important thing is intervener Newman didn't do that here. Right. I mean, I know it's just the, the bright, I don't want to think that there's a bright line of that closure in November 17th, 1999. To me, it's a fuzzier line, even though it seems to me we're well past it. Yes. And there's actually a couple of different dates under any of the, any of those dates, this case would be closed. That's because Newman was a part of the class action in Kosky. And so he's actually litigated these claims against the Illinois State Police and received all of his relief. And so at least by, as I spelled out in my brief, 2003, he should have moved to intervene. And we're over a decade now. Ms. Buell, in the reply brief filed by Mr. Newman, the state is accused of lots of deception in, I kind of lost track of the accusations, but I was wondering if you'd want to address those. Yes. The state has not engaged in any deception. Confusion itself is not deception. There was a lot of confusion between the Mitvick and Urban case and the Kosky case that was actually caused by the Kosky attorneys as this court held in Bishop. There was a lot of confusion about what kinds of damages were going to be available in the Kosky litigation. The Kosky litigation was asking for equitable relief, which was back pay, and also the chance to skip an entrance examination. But they kept throwing around the term damages, meaning actual damages, when in reality that case should not have been brought as a 23B2 class action, but should have been brought as a 23B3 class action for damages. But because of all of the confusion, it was difficult for the judge below and for the lawyers to really keep up with what was going on. And so confusion isn't fraud. And to the extent that counsel has argued that we have said different things in different appeals when it pertains to the single filing doctrine, the state is allowed to pursue a different litigation strategy in different cases, and that is most certainly not fraud either. The state was taking inconsistent positions, though, about whether a class representative's EEOC charge was sufficient to exhaust remedies for the class. I actually don't think so, Your Honor. It's been the state's consistent position that each individual would need to file their own EEOC charge. I think over the years the state has changed its position. But again, we are now dealing with 15 years later the thoughts of how single filing works are a little bit different than they were in 1999. But I think one thing that we really want to take a look at is the res judicata issue. Newman's motion is barred by res judicata. He's already litigated these claims against the Illinois State Police. The same issues were raised in the Kosky litigation, and to the extent that they weren't, they should have been raised. In addition, Newman's motion is barred by the doctrine of latches. Those who sleep on his rights for 15 years. He was a part of the class— Not as long as Rip Van Winkle. Certainly, Your Honor. Not as long as Rip Van Winkle. But it is a 15-year time gap. Do we know anything about the state of his beard? Did Kosky's—Kosky involved a 23b2 injunctive class, right? Correct. So why does that resolve damages claims? I think that it resolves damages claims because through the doctrine of res judicata, we know that it's all the issues that were actually raised and those that could have been raised. And counsel should have asked for those damages in that class action. Well, no, wait a minute. That sounds to me like you're trying retroactively to say something that was filed as a 23b2 should have been filed as a b3 and should have pursued damages. Is that what you're saying? That actually was exactly what this Court said in the Bishop appeal when it heard Kosky. Bishop was a consolidated appeal, and they noted all of that confusion because counsel continued to say damages. But we said people could pursue separate damages claims. Those were not foreclosed because they had not been within the scope of the b2 class. But even if they could have—but even if they could have actually pursued those damage claims, you would have most certainly had to do it before 2015. Agreed, agreed. But I think that this is important for class actions beyond this because if you're trying to tell us that in essence you cannot pursue a 23b2 class without at the same time implicitly resolving the separate damages claims that would undermine your ability to pursue the b2 class, then you're creating some real procedural traps in class action law, it seems to me. So that this notion that you could have brought a very different kind of case, different kind of class, doesn't seem to me like a very compelling use for res judicata. Absolutely, Your Honor, which is why the doctrine of latches is so important here. Newman rested on his rights for 15 years, and he unreasonably lacked diligence in pursuing them. He was a part of the Kosky class. He visited a lawyer in 2001, and when that lawyer decided not to take his case, rather than proceeding pro se or finding another lawyer, he did nothing. And he has offered us no excuses for why the delay has gone on this long. The Illinois State Police is materially prejudiced by this delay. It's difficult to litigate a case that happened in the 1980s, and especially when we're dealing with memories where witnesses might have faded or there were changes in evidence and in the law. Thus, because Newman cannot intervene in a closed case, and because this motion is barred by the doctrines of res judicata and latches, the defendant's affilies would request that this court affirm the district court's denial of Newman's motion to intervene. Thank you. Thank you, counsel. Anything further, Ms. Sutherland? Yes. Newman did not know about the case until 2015, and he filed a motion to intervene shortly thereafter. So he couldn't have filed it. So the statute of limitations is told for absent class members, right? Yes. Until they find out about the case or until the case is closed? Okay. In May of 2000, Judge Leinenweber had said nobody gets damages. And that's the order that I appealed in the Bishop case. And I won that appeal as far as absent class members could go out and get their own damages. But the district court docket sheet said that that was not vacated. That's not really responsive to my question. And your response poses some other issues about whether anybody could have just looked at the opinion. But is the statute of limitations told when a putative class action is filed until the absent class members find out about the ultimate disposition of the matter? Okay. The research that I've done shows that you'd go by Illinois law about what the statute of limitation even is. And since there was a judgment, these people have 20 years to go collect on the judgment. So but that issue was never raised in the district court because they never said what statute of limitations they were talking about. I have my lights on, so does the court have further questions? Thank you, Ms. Sutherland. The case is taken under advisement.